DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 _______________________ WHITMORE, Judge.
 Defendant Leonard Newbern has appealed from an order of the Lorain County Court of Common Pleas that designated him a sexual predator. This Court affirms.
 I.
On August 9, 1994, defendant was indicted by the Lorain County Grand Jury on one count of attempted rape, a violation of Sections 2923.02(A) and 2907.02(A) (1) (b) of the Ohio Revised Code, and two counts of gross sexual imposition, violations of Section 2907.05(A) (4) of the Ohio Revised Code. On September 19, 1994, defendant pled guilty to all three counts as contained in the indictment. The trial court sentenced defendant to a term of five to fifteen years for the offense of attempted rape and to a term of two years for each offense of gross sexual imposition. All sentences were to be served concurrently.
On September 4, 1997, the trial court conducted a hearing pursuant to Section 2950.09(C) of the Ohio Revised Code. The trial court found that defendant should be classified as a sexual predator, pursuant to Section 2950.09(C). Defendant has timely appealed and asserted four assignments of error.
 II. A. The trial court's adjudication of [defendant] as a sexual predator violates [his] rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article One Sections Ten and Sixteen of the Ohio Constitution.
In his first assignment of error, defendant has made a very broad conclusory assertion that his rights to procedural due process were violated. He has asserted that the application of the registration and notification requirements of Section 2950.09
of the Ohio Revised Code has imposed a sanction on him, "under the guise of public safety", in violation of his right to due process. As far as this Court can tell, he seems to be alleging that Section 2950.09 violates the Double Jeopardy Clauses of either the United States Constitution or the Ohio Constitution. This Court has previously held that Section 2950.09 does not constitute punishment. State v. Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, at 17. Section2950.09, therefore, does not violate the Double Jeopardy Clauses of either the United States Constitution or the Ohio Constitution. State v. Lowe (Mar. 31, 1999), Summit App. No. 18793, unreported, at 3.
Additionally, defendant seems to be alleging that the registration and notification provisions of Section 2950.09 of the Ohio Revised Code violate his right to privacy because "any individual may investigate the criminal history of an individual residing in the community[.]" This Court has previously held that those requirements do not violate a defendant's privacy rights. State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, at 15-16.
Finally, the record reflects that the trial court conducted a hearing, defendant was present and represented by counsel, and he was given the opportunity to present evidence on his behalf. Defendant's right to procedural due process, therefore, was not violated. Accordingly, defendant's first assignment of error is overruled.
 B. The trial court's adjudication of [defendant] as a sexual predator violates [his] right to a trial by jury guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article One Section Ten of the Ohio Constitution.
In his second assignment of error, defendant has argued that he was entitled to have a jury determine the issue of whether he should have been designated a sexual predator. This Court has previously held that an accused person's constitutional right to a jury trial, under the United States Constitution and the Ohio Constitution, has no application to his or her sexual predator designation. State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, at 13. Defendant, therefore, was not entitled to have a jury determine whether he should have been designated a sexual predator. Accordingly, defendant's second assignment of error is overruled.
 C. The trial [court] erred by adjudicating [defendant] a sexual predator without comporting with Rule 11 of the Ohio Rules of Criminal Procedure.
In his third assignment of error, defendant has argued that, at the time he entered his guilty plea, he was not aware of the impending changes to Chapter 2950 of the Ohio Revised Code, therefore, his guilty plea was not knowingly, voluntarily, and intelligently made because the registration and notification provisions constitute additional punishment. This Court has previously held that, "because they are collateral consequences and not punishment, Crim.R. 11 does not require a trial court to inform a defendant of the registration and notification requirements accompanying a designation as a sexual predator."State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 3. Accordingly, defendant's third assignment of error is overruled.
 D. The trial court's adjudication of [defendant] as a sexual predator violates Article One Section Ten of the United States Constitution and Article Two Section Twenty-Eight of the Ohio Constitution which prohibits the enactment of Ex Post Facto Laws.
In his fourth assignment of error, defendant has argued that the trial court's adjudication of him as a sexual predator constitutes additional punishment. Defendant, therefore, has argued that the statute violates the Ohio and the United States constitutional provisions against the passage of retroactive and ex post facto laws. This Court has previously held that Section2950.09(C) does not violate the Retroactivity Clause of Section28, Article II of the Ohio Constitution or the Ex PostFacto Clause of Section 10, Article I of the United States Constitution. State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2. Accordingly, defendant's fourth assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment Affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ BETH WHITMORE FOR THE COURT
BAIRD, P. J.
SLABY, J.
CONCUR